UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JONATHON ALBINO,
*Petitioner*,

v.

WARDEN REIS,
*Respondent.*

No. 3:24cv1876 (VAB)

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

Jonathon Albino ("Plaintiff"), an inmate incarcerated within the Connecticut Department of Correction, has filed a *pro se* Complaint against various Defendants, alleging violations of 42 U.S.C. § 1983. He has also filed a motion for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915—that is, he would like to commence this suit without prepaying the $405 filing fee. *See* ECF No 11 at 3.

It is well-settled that the decision to proceed IFP in civil cases is committed to the sound discretion of the district court. *See Rahimi v. Sec'y of Navy*, No. 3:19-CV-01852 (JAM), 2019 WL 6529458, at *2 (D. Conn. Dec. 4, 2019). In exercising this discretion, the court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948); *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (*per curiam*). The IFP statute contemplates that, in making this determination, courts will examine "a certified copy of the trust fund account statement (or

institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

Here, Mr. Albino's trust account statement shows that he received $1,134.05 in funds from outside sources in the six-month period preceding filing of his Complaint. *See* Acct. Stmt., ECF No. 3 at 1–3. That statement also shows that Mr. Albino received $151 in wages, *see id.*, from his job as a "Tierman." *See* IFP Mot., ECF No 11 at 4. Thus, Mr. Albino received a total of $1285.05 from outside sources and wages in the six-month period preceding filing of his Complaint.

Mr. Albino's IFP motion states that he does not contribute any funds to support family members or other individuals. *See id.* at 5. When prompted to list how much he "spend[s] each month on necessities of life that are not provided for [him] by the Department of Correction," Mr. Albino lists $40 for food and $25 cosmetics. *Id.* Assuming food can be a necessity of life, courts in this district and others have questioned, but not decided, whether "cosmetics" may qualify as a necessity of life. *See, e.g.*, *Manson v. Caron*, No. 3:24-CV-00876-MPS, 2024 WL 3159030, at *2 (D. Conn. June 25, 2024) (noting that plaintiff did "not explain why 'cosmetics' and 'cologne' qualify as 'necessities of life'"); *Foster v. Cooper*, No. 92 C 6159, 1994 WL 110180, at *9 (N.D. Ill. Mar. 28, 1994) (noting, in context of Eighth Amendment conditions of confinement claim, that plaintiff "ha[d] not alleged what cosmetics he was denied or whether they are life's necessities.").

While "cosmetics" may take on different meanings depending on the context in which it is used, "cosmetics" is defined by the United States Code as "(1) articles intended to be rubbed,

poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body or any part thereof for cleansing, beautifying, promoting attractiveness, or altering the appearance, and (2) articles intended for use as a component of any such articles; except that such term shall not include soap." 21 U.S.C. § 321(i) (emphasis added).

While some articles "for cleansing" may, in some circumstances, be considered necessities of life, *see, e.g.*, *Powell v. Beilien*, No. 04-CV-0926A(SR), 2005 WL 1000040, at *4 (W.D.N.Y. Apr. 25, 2005) (noting that "courts in this Circuit and others have found that the lengthy denial of hygiene products-*e.g.,* toilet paper, personal hygiene items, soap, toothpaste-could constitute a denial of the basic necessities of life in violation of the Eighth Amendment"), items, such as "soap," are excluded from Congress's definition of "cosmetics." *See* 21 U.S.C. § 321(i). To the extent that Mr. Albino's purchase of "cosmetics" encompasses items that do not fall within the definition provided by Congress, he has failed to allege that with "the particularity, definiteness, and certainty that the law requires." *Andrea P. v. Kijakazi*, No. 3:22-CV-00354-SRU, 2022 WL 1050326, at *1 (D. Conn. Mar. 14, 2022) (quotation marks omitted). As a result, there is not enough on this record to determine that Mr. Albino's "cosmetics" are a necessity of life.

In any event, even if the Court considered Mr. Albino's purchase of "cosmetics" (totaling $150) as money spent on necessities of life, several hundred dollars – as much as $895.05 – still remain[1].

---

[1] Assuming that Mr. Albino had to spend $65 a month on necessities of life, subtracting this amount from his $1285.05 total over a six-month span, would leave him with $895.05.

"All litigants must make decisions about how to spend their money when they are contemplating litigation." *Clark v. Pappoosha*, No. 3:21CV1690 (CSH), 2022 WL 960296, at *1 (D. Conn. Mar. 30, 2022) (quoting *Brown v. Ruiz*, No. 3:20-cv-1202 (KAD), 2020 WL 6395480, at *1 (D. Conn. Nov. 2, 2020)).

Mr. Albino thus had at least $895.05 available, but he chose to spend down his account by making other purchases. Had he not done so, he would have been able to afford to pay the filing fee.

As a result, based on his own financial information, he would not have to forgo life's necessities or abandon the action, if he had to pay the $405 filing fee.

Accordingly, his motion for leave to proceed IFP, ECF No. 11, is **DENIED** without prejudice.

All further proceedings in this matter shall be held in abeyance until **July 25, 2025,** pending Mr. Albino's delivery of the filing fee in the amount of $405 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 141 Church Street, New Haven, CT 06510.

Failure to tender the filing fee on or before **July 25, 2025**, will result in the dismissal of this action.

**SO ORDERED** at New Haven, Connecticut, this 20th day of June, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE